**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 16-cr-10107-5 |
| MICHAEL HABICHT,<br>Defendant. | ) ) ) ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Michael Habicht ("Habicht"), submits this memorandum in support of his request for a sentence of two years probation. In addition, Habicht requests that the Court not impose a fine.

**I.     Introduction**

Habicht pled guilty to a single count of gambling in violation of 18 U.S.C. §1955. The recommended sentence is sufficient to satisfy the goals of sentencing pursuant to 18 U.S.C § 3533(a).

First, Habicht had a minor role in the offense. He did not participate in the overarching extortion scheme which resulted in lengthy sentences for several of his co-defendants. Habicht simply accepted bets from a relatively small number of bettors and relayed them to Yerardi. Habicht was not charged, as were all his co-defendants, with extortion.

Second, although Habicht has a significant criminal history, his last offense conduct occurred in 1990 and 1991, when Habicht was in his early 30s. He is now 60 years old. His only arrest, after his release from prison in 2007, was for operating under the influence nine years ago.

Third, Habicht was addicted to the use of opiates during the period of his current offense. See Presentence Report, paragraphs 79-83. His addiction contributed to his perceived need to make money by gambling. Habicht also suffers from atrial fibrillation, which was diagnosed in 1982. See Presentence Report, paragraphs 74-75. This condition is still problematic and has affected Habicht's ability to maintain employment, especially as a painter. See Presentence Report, paragraphs 86-89. As a result of his heart condition, Habicht has been deemed disabled by the Commonwealth of Massachusetts.

Finally, Habicht's mother, Marie, is 87 years old and lives in elderly housing in Boston's North End. Marie is a widow and Habicht sees or speaks with her several times a day. Habicht is his mother's primary caretaker. Incarceration of Habicht would have devastating consequences to his mother.

## II.   Sentencing Considerations.

A sentencing court's approach is well established. Following United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are no longer mandatory but, rather, advisory. The Guidelines are but one of the factors to consider in crafting an appropriate sentence. Sentences should be crafted with the primary sentencing mandate of 18 U.S.C. § 3553(a) in mind, which states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment – justice, deterrence, incapacitation, and rehabilitation. That is:

> The court shall impose a sentence *sufficient, but not greater than necessary,* to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a)(emphasis added). The Court should "'consider every convicted person as an individual and every case as an unique study in the human failings that sometimes mitigate,

sometimes magnify, the crime and the punishment to ensue.'"  United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 52 (2007)).

In Gall, the Supreme Court outlined the procedures to be followed in the post-Booker sentencing regime.[1]  First, the sentencing court must correctly calculate the Guidelines to determine a "starting point." Martin, 520 F.3d at 91.  This includes consideration of departure grounds.  Id.  While the Guidelines continue to be important, they are neither presumptively controlling, nor *per se* reasonable.  Gall, 552 U.S. at 49-50; Martin, 520 F.3d at 91.  Indeed, "courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines."  Kimbrough v. United States, 552 U.S. 85, 101 (2007)(internal quotations omitted).  See also United States v. Rodriguez, 527 F.3d 221, 227 (1st Cir. 2008)("a sentencing court can deviate from the guidelines based on general policy considerations.").

After calculating the guidelines sentencing range, the sentencing court must next consider the factors delineated in 18 U.S.C. § 3553(a) in determining what sentence is "sufficient, but not greater than necessary" to accomplish the goals of sentencing.  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences of available; (4) any relevant policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparity; and (6) the need to provide restitution.  18 U.S.C. § 3553(a); Gall, 552 U.S. at 50 n.6.

---

[1] In Gall, the Court "reject[ed] an appellate rule that requires 'extraordinary circumstances to justify a sentence outside the Guidelines range.'"  Id. at 47.  The Court also made it clear that appellate courts are not to impose their own judgments on what appropriate sentences should be in particular cases.  So long as the record demonstrates that the district court considered the § 3553(a) factors and supported its sentence with a rationale supported by the record, the sentence should stand under the deferential abuse of discretion standard on appeal.  Id. at 50-51.

These factors should not be viewed as a limitation on a sentencing judge's ability to consider facts and circumstances that do not fit neatly into the enumerated factors. Ultimately, a sentencing court may consider any circumstance that bears on the overarching principle that courts should craft sentences that are "sufficient, but not greater than necessary" to accomplish the goals of sentencing. See Rodriguez, 527 F.3d at 229 ("even if a specific sentencing rationale cannot be considered under the aegis of a particular sub-part of section 3553(a), such a proscription does not bar consideration of that factor in the course of a more holistic review of the full panoply of section 3553(a) factors.").

### III.    Guidelines Calculation.

Habicht's Guidelines total offense level is 12. With acceptance of responsibility, his offense level is 10, with a Guideline range of 10-16 months. For the reasons set forth above, Habicht seeks a two point reduction for his role in the offense, pursuant to Section 3B1.2(b) of the Guidelines. The "average participant" charged in this enterprise was charged with and pleaded guilty to extortion. Habicht's role was limited to accepting bets which he relayed to Yerardi or Corso. He was on the lowest rung of the ladder in this enterprise. See Application Notes 2, 3(A) and 5. At a level 8, the Guideline range is 6-12 months, in Zone B.

### IV.    Section 3553(a) Factors

Consideration of the factors set forth in 18 U.S.C. § 3553(a), a sentence of two years probation is sufficient, but not greater than necessary to accomplish the goals of sentencing. Habicht is a man who, upon release from prison in 2007, has not been arrested, until the instant offense, except for an OUI in 2008. In the instant case, his addiction to opiates was a factor in his decision to act as an agent in the Yerardi gambling organization. Habicht submits that

probation, including drug treatment and counseling for gambling addiction, is sufficient punishment under Section 3553(a).

### V.  Request to waive the imposition of a fine.

Habicht requests that the Court waive a fine in this matter.  A fine is not appropriate as Habicht is on SSI and has had difficulty working as a painter due to his atrial fibrillation condition.

### CONCLUSION

For the foregoing reasons, Habicht requests that the Court:

1. Impose a sentence of two years probation with suggested conditions;
2. Waive the imposition of a fine; and
3. Order the return of the phone and $2,500 check for painting services, already rendered, that were seized at the time of his arrest.

>
> MICHAEL HABICHT
> By his attorneys:
>
> /s/ Thomas J. Butters
> Thomas J. Butters
> BUTTERS BRAZILIAN LLP
> 699 Boylston Street, 12th Floor
> Boston, MA 02116
> 617-367-2600
> butters@buttersbrazilian.com

Dated:  June 6, 2017

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the government, in hand on this date and electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>
> /s/ Thomas J. Butters
> Thomas J. Butters